CHARLES DEXTER & another *vs.* ISAAC SNOW & others.

An agreement by an insolvent debtor to pay some of his creditors a portion of their claims, in consideration that they would not " trouble or oppose his discharge, and would say a good word to other creditors to induce them not to oppose a discharge," is void, as contravening the policy of the insolvent laws.

THIS was an action of assumpsit upon the following agree ment, signed by the defendants: " Boston, March 24, 1847. We, the undersigned, the late firm of Snow, Durant & Jenkins, severally agree to make up to our creditors, Dexter, Harrington & Co., the deficit of assets in the hands of T. C. Kendall, assignee, so that they shall receive thirty-seven and one half cents per cent. on their claim of $1,133 against us." In an agreed statement of facts, it was admitted that the consideration of the above agreement, was the undertaking of the plaintiffs " not to trouble or oppose the defendants, obtaining a discharge in their insolvency proceedings, and to say a good word to other creditors, to induce them not to oppose a discharge ; " that no such agreement was made with, or known to any of the other creditors, except two, who did not with the plaintiffs constitute a majority in number or value ; and that it was not pretended by the plaintiffs that the defendants had failed in any respect to conform to the directions of the insolvent law, and to make a full disclosure and delivery of all their estate, as thereby required, or had preferred any creditor. The defendants obtained their discharge.

*S. E. Guild & G. S. Hale,* for the plaintiffs.

*R. F. Fuller,* for the defendants, was stopped by the court.

SHAW, C. J. The agreement on which this action is founded, contravenes the policy of the insolvent laws. The insolvent laws have a twofold object. First, to secure a full and equal distribution of the debtor's effects among the creditors; and, secondly, to discharge the honest debtor from all his liabilities. Agreements, like the one in suit, offer to the debtor a temptation to set apart and withhold a portion of the funds for the purpose of purchasing the assent of creditors to his discharge. Again, such agreements tend to prevent

that scrutiny on the part of the creditors, of the acts of the debtor, which is requisite to secure a full disclosure and equal distribution of the insolvent's effects. Besides; the mere inac-tion of one creditor tends to influence the conduct of the others. Frequently great confidence is put in the judgment of one creditor; and others, not knowing that his interests are not identical with their own, are led to follow his example. If he makes no investigation into the affairs of the insolvent, they suppose it is, because he has confidence that the conduct of the debtor is beyond exception; and if the creditor does not oppose the discharge, it is inferred that he considers the debtor a person fairly entitled to it. Frequently the course of one creditor will determine the course of all the rest.

It is to be observed, in the next place, that the policy of the insolvent law is, to discharge the debtor who complies with all its requisitions. The creditors have the power to prevent the discharge by their dissent; but they are morally bound not to oppose it where the insolvent has complied with all the requirements of the insolvent law. The law in cloth-ing the creditors with this power, places a confidence in them that they will execute the power in such manner as to dis-charge an honest debtor. If then, in this case, the debtors have fully complied with the law, according to the facts agreed, the plaintiffs were morally bound to do, what, in consideration of the agreement in suit they undertook to do, namely, not to oppose the discharge. In such case, the undertaking to do what they were morally bound to do, independently of the promise, would be no consideration, and the agreement in suit would be a nude pact.

But it is not merely *nudum pactum*, a promise without con-sideration; but its direct design is to promote an unlawful purpose. In the language of a late decision of this court, it was tainted with illegality. *Downs* v. *Lewis*, 11 Cush. 76. In case of debtors who have not complied with the require-ments of law, the law intends that they shall not be dis-charged; and agreements securing their discharge notwith-standing, are against the policy of the law. On both grounds, therefore, the contract is void.

*Judgment for the defendants.*